## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ELAINE L. CHAO, SECRETARY OF LABOR, US DEPT. OF LABOR,**

     **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-620-Orl-28KRS**

**CHARLES REID, TUBETEC, INC. PROFIT SHARING PLAN and 401(k) PLAN,**

     **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 12)**
>
> **FILED:** **October 17, 2007**

**I. BACKGROUND.**

On April 16, 2007, Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor (Secretary), filed a complaint against Defendants Charles Reid and the Tubetec, Inc. Profit Sharing Plan and 401(k) Plan (the Plan), alleging violations of the Employee Retirement Income Security Act (ERISA). Doc. No. 1. The Secretary purportedly served process on the defendants by serving copies of the summons and complaint on the Florida Secretary of State on July 13, 2007. Doc.

Nos. 8, 9. As the defendants did not file answers, the Secretary moved that the Clerk of Court enter defaults against the defendants. Doc. No. 10. The Court denied the Secretary's motion, as it failed to include a memorandum of law establishing that service of process was proper. Doc. No. 11.

On October 17, 2007, the Secretary filed the present motion, again requesting that the Clerk of Court enter a default against the defendants. Doc. No. 12. In her motion, the Secretary argues that service of process on the Florida Secretary of State was proper under Florida Statute § 48.181 because the last known address for Reid, the president of Tubetec, was in South Carolina and there were no other employees of Tubetec, Inc. available for service of process. *Id.* at 2-3. In support of her motion, the Secretary filed the following documents:

- a copy of an envelope, addressed to Reid, allegedly containing a copy of the complaint, which was returned to the Secretary by the United States Postal Service, doc. no. 12-2;

- a copy of an envelope, addressed to Reid, allegedly containing a "Notice to Defendant," which was returned to the Secretary by the United States Postal Service, doc no. 12-3;

- a letter sent from the Secretary to the Florida Secretary of State requesting that he accept service on behalf of the defendants, a copy of a check issued to the Florida Secretary of State, copies of the summonses issued for the defendants, and the complaint, doc. no. 12-4; and

- the Affidavit of Mary L. Bradley, an attorney representing the Secretary, doc. no. 12-5.

At the time of writing this order, the defendants have not filed an answer or responded to this motion.

**II.     ANALYSIS.**

*A.      Service of Process on the Plan.*

Pursuant to 29 U.S.C. § 1132(d)(1), "[s]ervice of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan." In the present action, the Secretary does not indicate that she attempted to serve a "trustee or an administrator" of the Plan in "his named capacity." Indeed, she does not allege in the complaint or otherwise the names of individuals who were trustees or administrators of the Plan. Accordingly, the Secretary's motion and supporting memorandum of law are insufficient to establish that service of process on the Plan was proper.

*B.      Service of Process on Reid.*

Florida law specifically provides for service on nonresidents, residents who subsequently become nonresidents, and residents who conceal their whereabouts, engaging in a business in the state of Florida. Fla. Stat. § 48.181(1). According to § 48.181(1), such an individual accepts the privilege of engaging in a business in Florida, and therefore appoints the Florida Secretary of State as an agent on whom all process may be served.

"The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n*, 325 So.2d 58, 61 (Fla. 4th Dist. Ct. App. 1976). In Florida, "[o]ne seeking to effect substituted service of process has the burden of presenting facts which clearly justify the applicability of the statute." *Bird v. Int'l Graphics, Inc.*, 362

So. 2d 316, 317 (Fla. 3d Dist. Ct. App. 1978); *accord Cross v. Kalina*, 681 So. 2d 855, 856 (Fla. 5th Dist. Ct. App. 1996). In *Bird*, the court held that a process server's inability to locate the defendant at three addresses was not enough to establish concealment because "[t]he record [did] not show by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing his whereabouts." *Id.*

Like the facts in *Bird*, the record in the present case is insufficient to establish that Reid is concealing his whereabouts. The Secretary alleges that she mailed the complaint, Notice of the Lawsuit and Request for Waiver of Service of Summons to Reid's last known address in South Carolina. These documents were returned as undeliverable with no forwarding address. There is no evidence that the Secretary has conducted any search or other inquiry to determine where Reid currently resides or to show that he is concealing his whereabouts.[1]

Accordingly, the Secretary of Labor's Motion for Entry of Clerk's Default, doc. no. 12, is **DENIED without prejudice**. It is **ORDERED** that the Secretary shall perfect service of process on the defendants on or before December 14, 2007. It is further **ORDERED** that, on or before January 4, 2008, the Secretary shall file proof of such service supported by a memorandum of law establishing

---

[1] The Secretary also had not established that the allegations of the complaint are sufficient as to Reid to support use of substituted service of process on the Secretary of State, even if facts are developed to show that Reid is concealing his whereabouts. *See, e.g., Farouki v. Attel et Cie*, 682 So. 2d 1185, 1186 (Fla. 4th Dist. Ct. App. 1996).

that service was proper. Failure to do so may result in dismissal of the case for failure of prosecution without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties